NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN ALLEN,

        Plaintiff,

v.

LEONA BAYLOR, et al.,

        Defendants.

Civil Action No. 13-4386 (FLW)

OPINION

**APPEARANCES**:

    JOHN ALLEN #455146B
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625
    Plaintiff *Pro Se*

**WOLFSON, District Judge**:

    John Allen, who is confined at New Jersey State Prison in New Jersey, seeks to file a Complaint asserting Equal Protection claims against several government officials and entities under 42 U.S.C. § 1983. This Court will grant Plaintiff's application to proceed *in forma pauperis*.[1] For the reasons expressed in this Opinion, and as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), this Court will dismiss the Complaint.

---

[1] On July 30, 2013, this Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* because he did not include the prison account statement required by 28 U.S.C. § 1915(a)(2). On August 20, 2013, Plaintiff submitted the account statement to the Clerk.

## I.  BACKGROUND

Allen brings this Complaint under 42 U.S.C. § 1983 for violation of his Fourteenth Amendment right to Equal Protection of the laws against Leona Baylor, Municipal Clerk for the City of Trenton; Tony Mack, then Mayor of Trenton; the City of Trenton; the Clerk of the Mercer County Board of Chosen Freeholders; the Mercer County Board of Chosen Freeholders; Anthony P. Carabelli, Chairman of the Mercer County Board of Chosen Freeholders; and John Doe, Clerk of the Mercer County Board of Chosen Freeholders.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  Allen alleges that on November 18, 1989, William Rogers and Francis Bodnar were killed in Trenton.  He maintains that the City of Trenton thereafter offered a reward for information leading to the arrest and conviction of the person responsible for the deaths of Rogers and Bodnar.  Plaintiff asserts that LC Peques, a paid informant for the Trenton Police Department "accepted the terms of the reward, by illegally recording the conversations of Plaintiff, then turning over (2) loaded .357 Handguns, and later g[i]ving a formal statement dated December 20, 1989."  (Complaint, ECF No. 1 at 4.)  Allen alleges that, after his homicide conviction in 1991, the City of Trenton and the Mercer County Board of Chosen Freeholders authorized the expenditure of funds to reward Peques.

Allen further alleges that in 2011, he submitted requests to the Clerk of the City of Trenton and to Mercer County Counsel, pursuant to New Jersey's Open Public Records Act, New Jersey's Open Public Meetings Act, and New Jersey common law, for the reward offer in the 1989 Bodnar and Rodgers homicide cases, the recommendations made by public officials regarding the reward, and reward disbursements made by Trenton and/or the Mercer County Board of Chosen Freeholders.  He asserts that his requests were denied in 2011, and on September 14, 2011, he

filed a complaint in the Superior Court of New Jersey, Mercer County, against the City Clerk, the Mercer County Board of Chosen Freeholders, and Mercer County Counsel, claiming violation of the Open Public Records Act and New Jersey common law.  He alleges that on January 27, 2012, the Law Division of the New Jersey Superior Court denied relief without a hearing, he appealed to the Appellate Division; on May 6, 2013, Allen received an order from the Appellate Division that dismissed his appeal for failure to correct deficiencies in his appellate submissions; on June 27, 2013, the Appellate Division denied his motion to vacate the dismissal of the appeal; and on July 10, 2013, Allen filed a notice of petition for certification to the New Jersey Supreme Court.[2]

Allen contends that Defendants violated his rights under the "class of one" theory of the Equal Protection Clause by denying him access to the reward offer and expenditure, contrary to the New Jersey Open Public Records Act, Open Public Meetings Act, and New Jersey common law "because of plaintiff's prisoner status."  (Complaint, ECF No. 1 at 10.)  For violation of his Equal Protection rights, Allen seeks declaratory and injunctive relief.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b).  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[2] Allen has attached to the Complaint numerous documents regarding his requests and the state court proceeding.

relief.  *Id.*  This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis,* he is a prisoner, and he seeks redress from a governmental entity and governmental employees.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area*

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

*School Dist.*, 475 U.S. 534, 541 (1986).   Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[4]   To recover under § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988).   Liberally construing Plaintiff's allegations, the Court reads the Complaint as attempting to state a claim under the Equal Protection Clause of the Fourteenth Amendment and § 1983 against the named Defendants.

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."   U.S. Const. amend. XIV, § 1.   To prevail on an Equal Protection claim, a plaintiff "must present evidence that s/he has been treated differently from persons who are similarly situated."   *Renchenski v. Williams,* 622 F.3d 315, 337 (3d Cir. 2010) (quoting *Williams v. Morton,* 343 F.3d 212, 221 (3d Cir. 2003)).   An Equal Protection claim can in some circumstances be sustained if the plaintiff "claims that she has been irrationally singled out as a so-called 'class of one.'"   *Enqquist v. Oregon Dept. of Agr.,* 553 U.S. 591, 601 (2008).   In *Village of Willowbrook v. Olech,* 528 U.S. 562 (2000), a property owner brought a § 1983 complaint claiming that the Village of Willowbrook's requirement of a 33-foot

---

[4] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

easement to connect her property to the municipal water supply violated Equal Protection because the village had required only a 15-foot easement from other property owners seeking access to the water supply. Olech's complaint claimed that the 33-foot easement demand was irrational and arbitrary, that the village ultimately connected her property after receiving an adequate 15-foot easement, and that the 33-foot easement was motivated by ill will resulting from a previous unrelated successful lawsuit against the village by the Olechs. The District Court dismissed the action for failure to state a claim, the Seventh Circuit reversed, and the Supreme Court granted certiorari to determine whether the Equal Protection Clause gave rise to a cause of action on behalf of a "class of one" where plaintiff did not allege membership in a class. The Supreme Court held that Olech's complaint stated a valid claim under the Equal Protection Clause because prior case law "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564.

In this case, Allen claims that Defendants deprived him of Equal Protection "under 'class of one' theory, when [D]efendant[s] deprived plaintiff of access to the reward offer made by the City of Trenton, in the homicide cases of Francis Bodnar & William Rodgers pursuant to N.J.S. 2A:153-4, violating the New Jersey Open Public Records Act . . . , Open Public Meetings Act . . ., and New Jersey's Common law right to public records, because of plaintiff's prisoner status." (Complaint, ECF No. 1 at 10.) Although courts must liberally construe complaints brought by *pro se* plaintiffs, this Court finds that Allen's Complaint fails to state a claim under § 1983 for violation of the equal protection clause. "A 'class of one' Equal Protection claim requires a plaintiff to show that he 'was intentionally treated differently from others similarly situated . . . and

6

that there was no rational basis for such treatment." *Carson v. Mulvihill,* 488 F.App'x 554, 563 (3d Cir. 2012) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 243 (3d Cir. 2008)). Allen's Equal Protection claim fails because he does not allege unequal treatment, *i.e.*, that he was intentionally treated differently from other similarly situated prisoners. Nor does he assert facts showing that there was no rational basis for the denial of his request for records. *See Carson*, 488 F. App'x at 563; *Renchenski,* 622 F.3d at 337-38. This Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

B.  Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc., 672 F.3d 241, 251 (3d Cir. 2012); Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, in this case, the Court will not grant Allen leave to amend the Complaint because amendment would be futile. Nothing in the Complaint and attachments suggests that Defendants treated his request for information differently from a request made by any other prisoner seeking similar information or that there was no rational basis for denying Allen's request. In fact, the attachments to the Complaint indicate that there was a rational basis for denying the request, *i.e.,* Defendants denied Plaintiff's request in accordance with the statutory exemption in the Open Public Records Act for "criminal investigatory records," N.J. STAT. ANN. § 47:1A:1.1, and the public policy of the Act to "safeguard from public access a citizen's personal information with which it has been entrusted when disclosure thereof would violate the citizen's reasonable expectation of privacy." N.J. STAT. ANN. § 47:1A-1. (ECF No. 1 at 18-19, 29.) Moreover, in light of the fact that the New Jersey courts denied Plaintiff's lawsuit seeking to compel Defendants to disclose the same information he

seeks in the instant case, the *Rooker-Feldman* doctrine may prohibit this Court's granting Plaintiff the relief he seeks in this action, *i.e.,* ordering Defendants to disclose this same information to Plaintiff.[5]

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim upon which relief may be granted.

          /s/ Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**

DATED:   April 15, 2014

---

[5] The *Rooker-Feldman* doctrine prohibits a district court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005). There are four requirements that must be met for the *Rooker-Feldman* doctrine to apply:   "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *B.S. v. Somerset County,* 704 F.3d 250, 260 (3d Cir. 2013) (quoting *Great Western Mining & Mineral Company v. Fox Rothschild LLP,* 615 F.3d 159, 166 (3d Cir. 2020) (internal quotation marks and citation omitted).